# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL HELLAMS, | : | CIVIL ACTION NO. 3:17-1851 |
| Plaintiff | : | (JUDGE MANNION) |
| v | : | |
| C.O. SWARTZ, et al., | : | |
| Defendants | : | |

## MEMORANDUM

## I. Background

On October 10, 2017, Plaintiff, Jamal Hellams, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, ("SCI-Mahanoy") filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). On November 14, 2017, Plaintiff filed an amended complaint. (Doc. 12). The named Defendants are the following SCI-Mahanoy Correctional Officers: Brett Machuga, Christopher Swartz and Kevin Martin.

On December 21, 2017, Defendants filed a motion to dismiss, pursuant to Federal Rule Civil Procedure 12(b)(6), arguing that Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 18).

On April 25, 2018, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. Mar. 16, 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013), this Court issued an Order, converting Defendants' motion to dismiss to a motion for summary judgment and allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 26). The motion has been fully briefed, and is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

## II. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion

is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

**III. Statement of Facts**

Plaintiff states that "Defendants violated his Constitutional rights by using excessive force on him on September 23, 2017 and then denied him the basic necessities." (Doc. 29).

On October 2, 2017, Plaintiff "submitted two difference grievances outlining the violations of his rights when the Defendants used excessive force and the denial of [his] showers, yard, toothpaste, soap, toilet paper." Id.

On October 4, 2017, Plaintiff "saw the Grievance Coordinator come on the pod to collect the grievances that was placed in the locked box on the pod and [Plaintiff] had to yell out of his cell to get her attention so he [could ask] if she received his grievances he filed two days ago and her answer was no, she did not receive any grievances of his." Id. Plaintiff then asked the Grievance Coordinator to come to his cell and "take the grievances he wished to file against C/O's that used excessive force and other things to him and her answer was no because she is not allowed to pick up grievances off inmate's doors in the RHU." Id. Plaintiff states "that night during 10:00 pm to 6:00 am shift the Plaintiff gave a John Doe Correctional Officer the two grievances he wanted to submit about the use of excessive force and the denial of his yards, showers, toilet paper, soap toothpaste and tooth brush." Id. Plaintiff alleges that he "kept his inmate's Golden Rod copy for his own record but submitted the other 3 copies to go to the Grievance Coordinator per policy." Id. Also, on October 4, 2017, Plaintiff penned his original complaint, which was filed in this Court on October 10, 2017. (Doc. 1).

Plaintiff claims that "to date [he] never his Pink Action Return Copy indicating that the Grievance was received by the Grievance Coordinator, nor did he receive an initial review response." Id.

Plaintiff alleges that on October 30, 2017, he "submitted a request slip to staff member, to Grievance Coordinator Jane Hihman, asking why he yet to receive his Pink Action Return Copy and did Ms. Hihman ever receive his two grievance he talk to her about when he came down to the RHU/DTU H-D Pod to pick up grievances for that day, but Plaintiff's request slip went unanswer[ed]." Id.

A December 19, 2017 Declaration of the SCI-Mahanoy Superintendent's Secretary, Marie Strenchock, reveals no grievances filed by Plaintiff relating to an unplanned use of force event that occurred on September 23, 2017. (Doc. 19).

## IV. Discussion

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

6

exhausted." Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. §1983; Woodford v. Ngo, 548 U.S. 81,92 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 92. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the

Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

Actual knowledge by the defendants of a plaintiff's claim is irrelevant: a prisoner must exhaust administrative remedies by complying to the extent feasible with the prison's administrative regulations governing inmate grievances. Substantial compliance with existing remedies is sufficient. Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000). However, failure to employ the system of administrative remedies, even if the administrative process

8

would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill, 372 F.3d at 222-26.

Since there is no dispute that a grievance system exists, Hellams must use it before filing suit. The Department of Corrections' records reveal that no grievance was ever received from Plaintiff. However, even accepting Plaintiff's allegations as true, while, by his own admission, he started the grievance process concerning the issues raised in his complaint, by depositing a grievance form in an appropriate grievance box to be filed, he failed to finish the grievance process. To the extent that Hellams submitted a grievance to the appropriate official and did not receive a response, the procedure contemplates several tiers of review and the grievance review system is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his satisfaction. His next step would have been to appeal the Grievance Officer's decision, or lack of one, to the Superintendent. The record before the Court demonstrates no evidence of this. Thus, all competent evidence of record in this case demonstrates that Hellams simply failed to properly exhaust administrative remedies. The failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In Spruill, supra, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, the record clearly discloses that Hellams failed to exhaust his administrative remedies with respect to his excessive force claim. In fact, the record demonstrates that Plaintiff prepared the instant federal action the very day he claims to have filed this initial grievance. The law is equally clear that Plaintiff was required to exhaust his administrative remedies before he filed his instant action with respect to all of his claims. Booth v. Churner, 532 U.S. 731, 739 (2001); Woodford v. Ngo, 548 U.S. 81, 92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court"). Thus, Hellams has sustained a procedural default with respect to the claims raised herein.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). Hellams offers no evidence to justify his failure to comply with DOC requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366

F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants. An appropriate order will be issued.

## V. Conclusion

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative remedies with respect to his Eighth Amendment claims. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1851-01.wpd